Linda M. **BAILEY**, Plaintiff,

v.

**GREEN TREE SERVICING LLC, U.S. Bank National Association, as Trustee of Conseco Finance Home Equity Loan Trust 2000–F, and Nathan Wasser, Defendants.**

No. CIV.A. 2:04–0519.

United States District Court, S.D. West Virginia, Charleston Division.

July 23, 2004.

Bren J. Pomponio, Daniel F. Hedges, Heather E. W. Walsh, Mountain State Justice, Inc., Charleston, WV, for Plaintiff.

Bruce M. Jacobs, John J. Nesius, Scott Palmer Mason, Spilman, Thomas & Battle, Erica N. Smith, Hunt & Lees, Charleston, WV, for Defendants.

## ORDER

CHAMBERS, District Judge.

Before the Court is Plaintiff's motion to remand (doc. no. 7). The Court finds it lacks subject matter jurisdiction over this action. Plaintiff's motion is therefore **GRANTED** and this case is **REMANDED** to the Circuit Court of Roane County, West Virginia.

## BACKGROUND

Plaintiff Linda Bailey entered into a loan with Conseco Financing Corporation (Conseco) in August of 2000. According to Plaintiff, Conseco consolidated Plaintiff's loan with others in "Conseco Finance Home Equity Loan Trust 2000–F." U.S. Bank National Association (U.S. Bank) then took legal title to the pooled loans as a trustee, though Conseco retained the servicing rights. In December of 2002, Conseco filed Chapter 11 bankruptcy. In April of 2003, servicing rights to the loans were transferred to Green Tree Servicing LLC (Green Tree). Nathan Wasser is an attorney for Green Tree.

Plaintiff filed this action in the Circuit Court of Roane County in April of 2004. Plaintiff asserts four claims against Defendants Green Tree and Nathan Wasser: unlawful debt collection, failure to provide account history, unlawful threats, and unauthorized charges. The claims against Green Tree and Wasser are all pursuant to West Virginia law and all arise from conduct that Plaintiff alleges occurred in January through March of 2004. Plaintiff also asserts a predatory lending claim against Defendant U.S. Bank. This claim, alleged in Count VI and also pursuant to West Virginia law, arises from the circumstances of the loan itself, which Plaintiff alleges to be unconscionable.

Defendants removed this action in May 2004; they assert that federal jurisdiction exists pursuant to 28 U.S.C. §§ 157, 1334, 1441 and 1452. Defendants argue that Plaintiff's claims are barred by bankruptcy orders and that this action is a core proceeding under 28 U.S.C. § 157. Plaintiff argues that her claims against Green Tree and Wasser arise from post-bankruptcy conduct, that her claim against U.S. Bank is unrelated to the bankruptcy proceedings and that none of the claims are barred by the bankruptcy orders cited by Defendants.[1]

## ANALYSIS

District courts have original jurisdiction of actions arising under Title 11 or related to cases under Title 11. 28 U.S.C. § 1334(b). A party may remove a cause of action where the district court would have jurisdiction under section 1334. 28 U.S.C. § 1452. Bankruptcy judges may determine cases under Title 11 and all "core proceedings" under Title 11. *See* 28 U.S.C. § 157. In removal cases, "the defendant bears the burden of showing federal jurisdiction has been invoked properly." *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 486 (S.D.W.Va.2001) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994)). Here, Defendants argue that Plaintiff's claims are within federal bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 157, 1334 and 1452. Defendants argue that Plaintiff's claims are barred by bankruptcy orders and that this action is a core proceeding under 28 U.S.C. § 157.

For the purpose of analysis, the Court divides Plaintiffs claims into two groups: 1) claims against Green Tree and Wasserman and 2) claims against U.S. Bank.

### *Claims against Green Tree and Wasserman*

The first group of claims is alleged in Counts one through five of Plaintiff's complaint. The alleged conduct all occurred in 2004. Because the factual basis for these claims did not exist until after the bankruptcy proceedings were completed and the law relied upon to make out the

---

1. Plaintiff also argues that the Court should remand this action on equitable grounds pursuant to 28 U.S.C. § 1452(b). Because the Court finds that Plaintiff's claims are not within the Court's bankruptcy jurisdiction, it need not reach this issue.

claims is entirely state law, the Court fails to see how it might have jurisdiction under any of the federal statutes cited by Defendants. It is illogical that a sale or confirmation order from a bankruptcy court could protect Green Tree for liability based on its own future conduct simply because Green Tree acquired the relevant servicing rights out of Conseco's bankruptcy. The Court therefore finds that these claims are not barred by the cited bankruptcy orders, and that it does not have jurisdiction over the claims against Green Tree for its post-bankruptcy conduct.[2]

### Claims against U.S. Bank

U.S. Bank is non-debtor third party that acquired Plaintiff's loan before Conseco filed for bankruptcy. Plaintiff now claims that the loan was unconscionable and is therefore unenforceable under West Virginia law. Defendants argue that the claim is barred by the bankruptcy order or that the claim is a "core proceeding" under 28 U.S.C. § 157. The Court is not persuaded.

█ First, the Court finds that this claim is not barred by the bankruptcy court's sale order. The very order that Defendants argue bars this claim explicitly excludes U.S. Bank from its release of liability. The Court also finds that this claim is not a "core proceeding." The loan at issue was not part of the bankruptcy assets, and, though the loan is tangentially related to Conseco's bankruptcy proceedings because the rights to service the loan were apparently sold in those proceedings, the loan itself was sold to U.S. Bank before Conseco even filed for bankruptcy. This type of claim is not enumerated as a "core proceeding" under 28 U.S.C. § 157(b)(2), nor is it analogous to any of the claims enumerated therein.

**2.** In coming to this conclusion, the Court finds the reasoning of the Seventh Circuit to

### CONCLUSION

The Court finds that Plaintiff's claims are state law claims and not within the Court's bankruptcy jurisdiction. The Court therefore lacks subject matter jurisdiction and must remand this case to state court. Plaintiff's motion is **GRANTED** and this case is **REMANDED** to the Circuit Court of Roane County, West Virginia.

The Court **HOLDS IN ABEYANCE** Plaintiff's request for fees and costs. If Plaintiff seeks recovery of fees and costs, Plaintiff must file a statement itemizing the amounts she seeks and any supporting memorandum of law on or before **Friday, August 6, 2004.**

The Clerk is directed to forward a copy of this Order to counsel of record and any unrepresented parties, and to forward a certified copy of this Order to the Clerk of the Circuit Court of Roane County, West Virginia.

be persuasive. *See Zerand–Bernal Group v. Cox,* 23 F.3d 159 (7th Cir.1994).